**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JAMES HARVEY and <br> JANE HARVEY, <br>     Plaintiff, <br> v. <br> DEUTSCHE BANK NATIONAL <br> TRUST COMPANY, as Trustee of <br> The Home Equity Mortgage <br> Loanasset-Backed Certificates, <br> Series INABS 2006-C, <br>     Defendant. | CIVIL ACTION NO. <br> 1:12-CV-1612-RWS |

## ORDER

Plaintiffs originally filed this action in the Superior Court of Gwinnett County. On May 18, 2012, Defendant filed a Motion to Dismiss [3] on the grounds that Plaintiffs' Complaint fails to state a claim upon which relief can be granted and for Plaintiff's failure to serve Defendant.

Plaintiffs filed no response to the Motion to Dismiss. However, on June 19, 2012, Plaintiffs filed a Motion for an Extension of Time to amend their Complaint [7]. Plaintiffs did not attach a proposed amended complaint to their Motion or provide any detail regarding the contemplated amendment.

Defendant filed a Response [8] to Plaintiffs' Motion and urged the court to deny the Motion due to Plaintiffs' failure to provide a proposed amended complaint or provide a detailed description thereof. Defendant also urged the Court to rule on its pending Motion to Dismiss which is now unopposed. Plaintiffs filed no reply to Defendant's Response.

Federal Rule of Civil Procedure Rule 15 states:

> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. . .

FED. R. CIV. PRO. 15. Federal Rule 15 further provides, "leave shall be freely given when justice so requires." Id. Even so, granting leave to amend is not automatic. Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd., 79 F. 3d 480, 484 (5th Cir. 1996) ("approval of motion to amend is not automatic"); Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993) ("leave to amend is by no means automatic"); Faser v. Sears Roebuck & Co.,

2

674 F.2d 856, 860(11th Cir. 1982). Indeed, district courts have "extensive discretion" in deciding whether to grant leave to amend and may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile." Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999).

Because Plaintiffs have failed to provide any details regarding the nature of an amended Complaint, the Court is unable to determine whether an amended complaint would have merit. In spite of Defendant's Response pointing out this failure in Plaintiff's Motion, Plaintiffs have not supplemented the record in any manner. Therefore, Plaintiffs' Motion for Extension of Time to File Amended Complaint [7] is **DENIED**.

Moreover, Defendant's Motion to Dismiss [3] is unopposed. In the Complaint, Plaintiffs assert a claim for wrongful foreclosure. Defendant asserts that the Complaint fails to state a claim for which relief can be granted and seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir.

3

2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

4

The basis for Plaintiffs' wrongful foreclosure claim appears to be that Defendant was not the holder of the security deed at the time of foreclosure because the assignment to Defendant was executed without authority. Alternatively, if the assignment was valid, Defendant did not have possession of the note and could not, therefore, foreclose. "'Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal conneciton between the breach of that duty and the injury it sustained, and damages.'" DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 448 (2008) (quoting Heritage Creek Dev. Corp. B. Colonial Bank, 268 Ga. App. 369, 371 (2004). Defendant asserts, and the Court agrees, that Plaintiffs have failed to alleged any breach of duty by Defendant caused the injury purportedly sustained by Plaintiffs. When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure. Failure to make the proper loan payments defeats any wrongful foreclosure claim. See Warque v. Taylor, Bean, & Whitaker Mortg. Corp., Civil Action No. 1:09-CV-1906-ODE-CCH, 2010 U.S. Dist. LEXIS 142129, at *14-15 (N.D. Ga. July 30, 2010) (Hagy, M.J.). Therefore, Plaintiffs have failed to allege a plausible claim for wrongful foreclosure, and Defendant is entitled to dismissal of the action.

Based on the foregoing, Plaintiffs' Motion for Extension of Time [7] is **DENIED** and Defendant's Motion to Dismiss [3] is **GRANTED**. The Clerk shall close the case.

**SO ORDERED**, this  14th  day of August, 2012.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)